LETTS, Judge.
A witness, subpoenaed to testify at trial, refused to do so, telling the judge he had not been paid for his expert services. The trial judge, in effect, released him from his subpoena over objections. Nevertheless, we affirm.
When the witness took the stand, he immediately squabbled about his fee with counsel who had hired him. That same counsel argued to the judge that the witness had been sent a witness fee along with the subpoena and was only “being called as a factual witness.” To resolve the dispute, counsel asked the judge to set *1153 a reasonable fee but she “refuse[d] to engage in the negotiation of a contract between you and an expert whom you want to employ.” Referring to an impending lunch break, the judge also said: “We’re going to resume at one-thirty. At [that time] you either have an expert or you don’t, but I will not enforce the subpoena. So [the expert] either appears voluntarily [at one-thirty] or he’s not here.” In truth, when the lunch break ended, the expert did not re-appear and the trial resumed without him.
The appellants aver that the witness had been sworn in, was called not as an expert, but only as a factual witness to authenticate and lay the foundation for the admissibility of certain reports the witness had prepared in the ordinary course of business. The appellants, therefore, maintain that the witness should not have been released from his subpoena. In response, the appellees assert, unconvincingly, that the language employed by the judge did not “release or excuse [the expert] from the subpoena served upon him” and that the appellants failed to recall him to the stand at one-thirty. We reject that argument, but agree with the alternative contention that the error, if any, was not preserved because no proffer was made of either the expert’s testimony or the reports themselves. We conclude that any error committed was not preserved for appeal and we affirm.
We find no merit in the remaining point on appeal.
AFFIRMED.
DELL, J., concurs.
GLICKSTEIN, C.J., dissents with opinion.